**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Elaine Munoz Sanchez, | ) | No. CV-09-1150-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County, a public entity; et al., | ) | |
| Defendants. | ) | |

Defendants Maricopa County, Robert Kent and Brian Woolf move the Court to substitute Randall R. Garczynski and Brad K. Keogh as their counsel for Maria R. Brandon and Gerald L. Piccirilli who will remain as counsel for Defendant Maricopa County Sheriff Joseph Arpaio.[1] (Doc. 75) Attorneys Garczynski and Keogh are employed with the Maricopa County Office of General Litigation Services; attorneys Brandon and Piccirilli with the Maricopa County Office of Special Litigation Services. These are different law offices with separate addresses.

Pursuant to LRCiv 83.3(b)(1), attorneys Garczynski's and Keogh's Application for Substitution of Counsel indicates it "is made at the request of Maricopa County Risk Management Department Manager, Peter Crowley, Maricopa County Manager's Designee, for appointment of counsel pursuant to the County Risk Management Trust agreement." (*Id.*

---

[1] The Maricopa County Sheriff's Office was dismissed as a party in this litigation. (Doc. 18)

at 2) The Application bears the electronic signature of Peter Crowley, the so-called "client," who consents to the substitution of Garczynski and Keogh, of the Maricopa County Office of General Litigation Services, as counsel for Defendants Maricopa County, Robert Kent and Brian Woolf.. (*Id.* at 3)

    Local Rule of Civil Procedure 83.3(b)(1) provides that:

> (b) Withdrawal and Substitution: No attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by written application setting forth the reasons therefor together with the name, last known residence, and last known telephone number of the *client* as follows:
>
> > (1) Where such application bears the written approval of the *client*, it shall be accompanied by a proposed written order and may be presented to the Court ex parte. The withdrawing attorney shall give prompt notice of the entry of such order, together with the name, last known residence and last known telephone number of the *client*, to all other parties or their attorneys.

LRCiv 83.3(b)(1) (emphasis added).

    Neither the Local Rules nor LRCiv 83.3 define the term "client." "When interpreting a statute [or local rule], [courts] must give words their 'ordinary or natural' meaning.'" *United States v. TRW Rifle 7.62X51mm Caliber*, 447 F.3d 686, 689 (9th Cir. 2006) (citations omitted)). Courts also "'follow the common practice of consulting dictionary definitions to clarify their ordinary meaning[ ].'" (*Id.*) (alteration in original). Webster's Online Dictionary defines "client" as, *inter alia*, "A person who seeks the advice of a lawyer" or "One who consults a legal adviser[.]" The Court adopts the plain and ordinary meaning of the term, "client," as meaning the person or entity that counsel is representing in this litigation, i.e., Defendants George Burke, Kevin Carr, and Maricopa County.

    The Court's interpretation of the term "client" is also consistent with other portions of LRCiv 83.3; the common understanding of the attorney-client privilege, *Roehrs v. Minnesota Life Ins. Co.*, 228 F.R.D. 642 (D.Ariz. 2005); and Arizona's well-established law that an attorney owes his or her "client" an "'undeviating and single allegiance' whether the attorney is compensated by the insurer or the insured." *Parsons v. Continental Nat'l Am.*

1  *Group*, 113 Ariz. 223, 227, 550 P.2d 94, 98 (Ariz. 1976) (discussing duty of insured's
2  attorney who is compensated by insurer); *Matter of Estate of Shano*, 177 Ariz. 550, 869 P.2d
3  1203, 1210 (Az.Ct.App. 1993) ("A lawyer's overriding duty of loyalty to a *client* is a basic
4  tenet of the attorney-client relationship. Inherent in this principle is the concept that no other
5  interest or consideration should be permitted to interfere with the lawyer's loyalty to his
6  *client*.") (emphasis added).

7  Having failed to comply with LRCiv 83.3(b)(1) by not providing the written
8  consents of their prospective clients, Maricopa County, Robert Kent and Brian Woolf.

9  **IT IS ORDERED** that Randall R. Garczynski's and Brad K. Keogh's
10  Application for Substitution of Counsel, doc. 75, is **DENIED** without prejudice.

11  **IT IS FURTHER ORDERED** that if substituted in as counsel in this
12  litigation, attorneys Randall R. Garczynski and Brad K. Keogh shall comply with the Rules
13  of Practice for the United States District Court for the District of Arizona. The District's
14  Rules of Practice may be found on the District Court's internet web page at
15  www.azd.uscourts.gov/.

16  DATED this 31st day of August, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge