**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Elaine Munoz Sanchez, ) | No. CV-09-1150-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph Arpaio, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Separate Motion of Defendant Maricopa County for Summary Judgment. (Doc. 68) Plaintiff has filed a Response, doc. 77, to which Defendant Maricopa County has replied, doc. 78. After consideration of this matter, the Court will grant Defendant Maricopa County's motion as to Count One and will deny the motions in all other respects.

**I. Background**

In her Complaint, Plaintiff Elaine Munoz Sanchez ("Plaintiff") asserts violations of her federal constitutional rights and also alleges several state law claims against Defendants Joseph M. Arpaio, Sheriff of Maricopa County; Robert Kent, Deputy Sheriff of Maricopa County Sheriff's Office ("MCSO"); Brian Woolf, Deputy Sheriff of MCSO; the Maricopa County Sheriff's Office; and Maricopa County, Arizona. (Doc. 1) Plaintiff's claims arise out of her arrest on May 28, 2008. She seeks monetary damages under 42 U.S.C. §1983 and Arizona law. Plaintiff's Complaint contains nine causes of

action: (1) Count One - violation of 42 U.S.C. § 1983 and deprivation of her rights under the Fourth and Fourteenth Amendments; (2) Count Two - negligent supervision and/or training; (3) Count Three - negligent hiring; (4) Count Four - assault; (5) Count Five - battery; (6) Count Six - false arrest and false imprisonment; (7) Count Seven - negligence and gross negligence; (8) Count Eight - abuse of process/malicious prosecution; and (9) Count Nine - deprivation of State constitutional rights. (Doc. 1) Counts Two and Three specifically allege Maricopa County as a defendant. (Doc. 1 at 6-7) Although Counts 1 and 4-9 do not specifically allege Maricopa County as a Defendant, paragraph 16 of the Complaint broadly alleges that "Maricopa County [is] responsible for the actions of [its] individual deputies and employees under the doctrine of *respondeat superior*." (Doc. 1, ¶ 16)

In its Separate Motion for Summary Judgment, Defendant Maricopa County asserts that is entitled to summary judgment on

> the issues of their (sic) liability for the acts and omissions of Maricopa County Sheriff's Deputies: their (sic) liability under 42 U.S.C. § 1983 under a *Monell* theory of liability or under principles of *respondeat superior* liability on the state law claims.

(Doc. 68 at 1) The analysis section of Defendant Maricopa County's motion, part III, is divided into subparts A and B. Part A is entitled "No *Respondeat Superior* Under § 1983." (Doc. 68 at 5) Although Subpart A does not specifically indicate that it is directed to Plaintiff's claims raised in Count One, because Count One is the only Count asserting claims under § 1983, the Court can logically conclude that Defendant Maricopa County is moving for summary judgment as to Plaintiff's § 1983 allegations in Count One and will address that argument below.

Subpart B is entitled "County not Liable for the Conduct of the Sheriff or the Sheriff's Office." (Doc. 68 at 6) Again, Defendant Maricopa County does not identify to which Counts the arguments in subpart B are directed. The arguments in subpart B may be directed to Counts 2 and 3, which allege state law claims of negligent supervision and training, and negligent hiring, respectively, and name Maricopa County, Sheriff

Arpaio, and the Maricopa County Sheriff's Office as defendants. (Doc. 1 at 6-7) However, because Maricopa County also generally asserts that it is not liable "on the state law claims" under a theory of *respondeat superior*, Defendant Maricopa County may have intended that its arguments in subpart B relate to all of the state law claims (Counts 2-9). It is simply not clear to which Counts in the Complaint Part B of Maricopa County's motion for summary judgment is directed. Apparently, it was not clear to the parties' either, because Defendant Maricopa County's motion for summary judgment discusses whether Maricopa County can be held liable for the conduct of the Sheriff and the Sheriff's Office, doc. 68 at 6-7, but Plaintiff's response discusses whether Maricopa County can be held liable for the conduct of the "police officers." (Doc. 77 at 8)

Defendant Maricopa County's Motion for Summary Judgment is poorly drafted and, with the exception of the arguments pertaining to Count One, does not clearly identify to which Counts in the Complaint the motion is directed. Defendant Maricopa County and Plaintiff do not appear to discuss the same issues in their briefing. Defendant discusses its liability for the actions of the Sheriff and the Sheriffs Office, the Plaintiff refers to the actions of the Sheriffs deputies. Additionally, Defendant Maricopa County argues that it is immune from punitive damages by statute, A.R.S. § 12-840.04, but the Response and the Reply include arguments pertaining to other defendants who are not parties to Defendant Maricopa County's Motion for Summary Judgment. The Court declines to decipher Defendant's motion for summary judgment and will not speculate as to what Counts Defendant Maricopa County directs its arguments in subpart B.

For the foregoing reasons, the Court will only address Maricopa County's arguments directed to Count One of the Complaint.

**II. Summary Judgment Standard**

A moving party may, at any time, move for summary judgment on all or any part of a claim. Fed.R.Civ.P. 56. The Court may only grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, determines that "there is no genuine issue of material fact and that the moving party

is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. In considering the evidence, the Court is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Celotex*, 477 U.S. at 323.

The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita Elec. Industries Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 685-87 (1986). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50. However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his [or her] favor." *Id.* at 255. Allegations of civil rights violations are to be liberally construed. *Thomas v. Youngblood*, 545 F.2d 1171, 1192 (9th Cir. 1976).

**III. Facts**

On May 28, 2008, at approximately 1:00 a.m., Deputies Kent and Woolf were patrolling in a marked police car in the Town of Guadalupe, Arizona. (Doc. 52; SOF ¶ 1) Deputy Woolf was the Field Training Officer ("FTO") assigned to Deputy Kent that evening. (*Id.*) Woolf was training Kent in the proper procedures for traffic stops. (Doc. 52, SOF ¶ 1) Deputy Kent was driving and had control of the radio. He reportedly observed the Sanchez vehicle in his rearview mirror and noticed that the rear license plate light was not illuminating the license plate. (*Id.*) Deputy Kent made a u-turn and starting to follow Plaintiff's car. Kent called the license plate number into this dispatcher.

1  He was able to read the license plate because it was illuminated by his own headlights.
2  (*Id.*)
3    Sanchez made a right turn into her driveway, and proceeded to the back of the
4  house. (Doc. 52, SOF ¶ 2) Kent followed Sanchez' car. Both vehicles stopped in the
5  back of the house. (*Id.*) Plaintiff, the driver, and the passenger, Manuel Valenzuela, both
6  exited the vehicle. Deputies instructed them to get back in the car. (*Id.*) Rather than
7  getting back in her car, Plaintiff proceeded to the back door of her house and began
8  pounding on the door and yelling. (*Id.*)
9    Woolf followed Plaintiff and tried to lead her back to his vehicle. Plaintiff
10 resisted. (Doc. 52, SOF ¶ 3) Manuel Valenzuela called out to Plaintiff and told her not
11 to resist. (*Id.*) With Kent's assistance, Deputy Woolf took Plaintiff to the ground and
12 handcuffed her. (*Id.*) Plaintiff was then placed in the back of the patrol car and taken to
13 the Guadalupe substation where she was cited for disorderly conduct, interviewed, and
14 released about 30 minutes later. (*Id.*)
15   Deputy Woolf testified at his deposition that, if Plaintiff had not tried to flee,
16 he had intended to warn her about the license plate light and tell her to get it fixed. (Doc.
17 52, SOF ¶ 4) The vehicle Plaintiff was driving that night had been driven by her brother,
18 Andrew Sanchez, several days before and he had been stopped for a light being out. (*Id.*)
19 Although the officer had not identified which light was out, Andrew discovered a brake
20 light was not working and his father repaired it prior to the incident on May 28, 2008.
21 (Doc. 52, SOF ¶ 5) Andrew did not tell Plaintiff which light had been out. (Doc. 52,
22 SOF ¶ 4) During her deposition, Plaintiff testified that she knew there had been a
23 problem with a light, and that she routinely checked the lights to make sure they were
24 working. She testified that on the evening of May 28, 2008, she had checked the lights
25 and confirmed they were working before leaving a restaurant to drive home. (Doc. 52,
26 SOF ¶ 6) The disorderly conduct charge against Plaintiff was subsequently dismissed in
27 the Guadalupe Justice Court. (Id. at ¶ 7)
28 **IV. Count One - Section 1983 Claims**

Count One, brought pursuant to 42 U.S.C. § 1983, alleges that Defendants Sheriffs Deputies Kent and Woolf violated Plaintiff's Fourth and Fourteenth Amendment rights by using excessive force against Plaintiff. (Doc. 1 at 6) Plaintiff asserts that Defendant Maricopa County is liable for the actions of Sheriffs Deputies Kent and Woolf under a theory of *respondeat superior*. (Doc. 1 at ¶ 16) Defendant Maricopa County argues that it is entitled to summary judgment on the § 1983 claims asserted in Count One because there is no *respondeat superior* liability for claims asserted under 42 U.S.C. § 1983. Defendant Maricopa County further argues that Plaintiff has failed to establish a *prima facie* case of municipal liability for a constitutional claim for a failure to train or supervise claim. (Doc. 68 at 5-8) *See Board of County Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997) (stating that because municipal liability must rest on the actions of the municipality, a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit.); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-91 (1989) (a plaintiff may establish municipal liability be demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately.).

In her Response, Plaintiff "agrees that summary judgment is appropriate as to Defendant Maricopa County's liability under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 77 at 1) Because there is no dispute that Maricopa County may not be held responsible for the acts or omissions of the other Defendants asserted in Count One, the Court will grant Defendant Maricopa County's Motion for Summary Judgment as to Plaintiff's § 1983 claims asserted in Count One. *See Board of County Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997) (stating that a local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liabilty."); *Franklin v. Foxworth*, 31 F.3d 873 (9th Cir. 1994).

In accordance with the foregoing,

**IT IS ORDERED** that the Defendant Maricopa County's Separate Motion for Summary Judgment, doc. 68, is **GRANTED** as to Plaintiff's claims asserted in Count One of the Complaint, and **DENIED**, without prejudice, in all other respects.

DATED this 10th day of September, 2010.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge