**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elaine Munoz Sanchez, ) | No. CV-09-1150-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Deputy Robert Kent, individually and in ) | |
| his official capacity as a deputy sheriff for ) | |
| Maricopa County, Arizona; Deputy Brian ) | |
| Woolf, individually and in his official ) | |
| capacity as a deputy sheriff for Maricopa ) | |
| County, Arizona; Maricopa County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      The substitution-of-counsel odyssey with the Maricopa County Office of General Litigation Services continues.

      On November 5, 2010, the Maricopa County Office of General Litigation Services and attorney Karen J. Hartman-Tellez filed a Notice of Filing Consent to Withdrawal and Substitution of Counsel, requesting substitution of counsel for Defendant Deputy Brian Woolf, a Maricopa County Deputy Sheriff, and reportedly complying with LRCiv 83.3(b)(1).[1] (Doc. 91)  The Court construes Ms. Hartman-Tellez' Notice as a motion

---

[1] Local Rule 83.3(b) provides, in part, as follows:

    (b) Withdrawal and Substitution. No attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by written application setting forth the

1 for substitution of counsel.

2 Deputy Woolf is one of two deputy sheriffs remaining as the only defendants
3 in this action; the other is Deputy Robert Kent. Present counsel of record for Deputies Woolf
4 and Kent are attorneys Maria Brandon and S. Lee White, who are employed by the Maricopa
5 County Office of Special Litigation Services, a different governmental law office. Maria
6 Brandon filed and then withdrew an Opposition to Notice of Filing Consent to Withdrawal
7 and Substitution of Counsel. (Docs. 92-93)

8 Ms. Hartman-Tellez' motion includes an attachment which is Deputy Woolf's
9 written approval, required by LRCiv 83.3(b)(1), authorizing the substitution of Randall
10 Garczynski and Brad Keogh as his new counsel. Deputy Woolf's written approval, however,
11 does not authorize Ms. Hartman-Tellez to be one of his new attorneys. (Doc. 91, Exhibit A).
12 The motion complies with LRCiv 83.3(b)(1) because it contains the written approval of,
13 Deputy Woolf, as to Randall R. Garczynski and Brad Keogh only. *See, Bohnert v. Mitchell*,
14 2010 WL 3463711 (D.Ariz. 2010). The motion does not, however, comply with either (1)
15 LRCiv 83.3(b)(1) because Deputy Woolf's consent form does not approve Ms. Hartman-

---

reasons therefor together with the name, last known residence and last known telephone number of the client, as follows:

(1) Where such application bears the written approval of the client, it shall be accompanied by a proposed written order and may be presented to the Court ex parte. The withdrawing attorney shall give prompt notice of the entry of such order, together with the name, last known residence and last known telephone number of the client, to all other parties or their attorneys.

(2) Where such application does not bear the written approval of the client, it shall be made by motion and shall be served upon the client and all other parties or their attorneys. The motion shall be accompanied by a certificate of the attorney making the motion that (A) the client has been notified in writing of the status of the case including the dates and times of any court hearings or trial settings, pending compliance with any existing court orders and the possibility of sanctions, or (B) the client cannot be located or for whatever other reason cannot be notified of the pendency of the motion and the status of the case.

1 Tellez to be one of his new attorneys, or (2) LRCiv 83.3(b)(2) because the motion is not
2 "accompanied by a certificate of the attorney making the motion" that she has performed the
3 other requirements of LRCiv 83.3(b)(2). If Ms. Hartman-Tellez still desires to represent
4 Deputy Woolf in this action, she may now proceed pursuant to LRCiv 83.3(b)(4) but because
5 this case has been set for trial "[c]ounsel substituted or associated pursuant to this paragraph
6 must also comply with (b)(3) above." LRCiv 83.3(b)(4).  As a result of this order, Deputy
7 Woolf is represented by the Maricopa County Office of General Litigation Services and
8 Deputy Kent is represented by the Maricopa County Office of Special Litigation Services.
9           Accordingly,

10           **IT IS ORDERED** that Karen J. Hartman-Tellez' motion for substitution of
11 counsel, doc. 91, is **GRANTED** in part and **DENIED** in part. Attorneys Randall R.
12 Garczynski and Brad Keogh with the Maricopa County Office of General Litigation Services
13 are hereby substituted for attorneys Maria R. Brandon and S. Lee White with the Maricopa
14 County Office of Special Litigation Services as counsel of record for Defendant Deputy
15 Brian Woolf. Attorneys Maria R. Brandon and S. Lee White with the Maricopa County
16 Office of Special Litigation Services remain as counsel of record for Deputy Robert Kent.
17 At this time, Attorneys Randall R. Garczynski and Karen J. Hartman-Tellez represent
18 Maricopa County, doc. 91, but Ms. Hartman-Tellez does not represent Defendant Deputy
19 Brian Woolf.

20           **IT IS FURTHER ORDERED** directing the Clerk of Court to correct the
21 docket consistent with this order.

22           DATED this 15th day of November, 2010.

                              _____
                              Lawrence O. Anderson
                              United States Magistrate Judge